IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ST. VINCENT DE PAUL SOCIETY OF )
LANE COUNTY, INC., )
)
      Plaintiff, ) TC-MD 180076G
)
  v. )
)
LANE COUNTY ASSESSOR, )
)
      Defendant. ) **FINAL DECISION**[1]

Plaintiff (taxpayer) appealed the denial by Defendant (the county) of its claim for

exemption of three property tax accounts (subject or subject property) from taxation for the

2017–18 tax year.[2]

The parties do not dispute any facts and requested at the telephone hearing that the court

decide this case without further proceedings.  They agreed to a schedule for filing amended

pleadings (to add a property tax account) and briefing, then filed amended pleadings that

incorporated their briefing.  This case is now ready for decision.

## I.  STATEMENT OF FACTS

It is undisputed that at all relevant times taxpayer was an incorporated charitable

institution, leasing the subject property and exclusively using it in its charitable work.  Prior to

the year at issue, the subject was exempt from taxation.  The original lease period expired in

2017, and the county removed the subject's exemption.  Taxpayer extended the lease and then

---

[1] This Final Decision incorporates without change the court's Decision, entered September 10, 2018.  The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered.  *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] The subject property is identified as accounts 0424653, 0424687, and 0424356.  The second amended complaint contains a typographical error with respect to the last number; the correct number is found in the answer to the second amended complaint and in an attachment to the complaint.

attempted to file a claim for exemption by email on January 23, 2018, stating that a hard copy and a check for the late filing fee would follow shortly. (2nd Am Compl; Compl at 6.) The county's reply was brief: "It's too late to submit this for 2017/18 tax year. You would have had to apply by December 31, 2017." (Compl at 6.)

In its second amended complaint, taxpayer explained that it had been unable to apply for exemption sooner because of a delay in receiving documentation of the lease extension. Answering that pleading, the county stated it "would consider the delays [taxpayer] experienced in obtaining a copy of the renewed lease from their landlord to be good and sufficient cause." (Answer Am Compl at 1.)

Taxpayer requests that the subject property be exempted for the 2017–18 tax year, and the county requests that the court uphold its denial of exemption.

## II. ANALYSIS

The only issue before the court is whether taxpayer's exemption claim was submitted within the time specified in ORS 307.162(2).[3]

Under ORS 307.130(2)(a), tax exemption may be claimed for property of an incorporated charitable institution that is exclusively used in the institution's charitable work. That tax exemption is also extended to property leased by such institutions, provided the lease meets certain requirements and an exemption claim is filed in due course. ORS 307.112(1), (2). Under OAR 150-307-0060(1), a new claim must be filed with the county assessor when a lease is extended. An exemption claim is timely if filed by April 1 preceding the tax year for which exemption is claimed, but if a late filing fee is paid it may be filed "within the time specified in ORS 307.162(2)." ORS 307.112(4)(a).

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

ORS 307.162(2)(a) sets forth two late filing deadlines for current-tax-year exemption claims:

> "Notwithstanding subsection (1) of this section, a claim may be filed under this section for the current tax year:
>
> "(A) On or before December 31 of the tax year, if the claim is accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.
>
> "(B) On or before April 1 of the tax year, if the claim is accompanied by a late filing fee of $200 and *the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090.*"

(Emphasis added.) Under subparagraph (A), anyone who pays a late filing fee may file until halfway through the tax year for which exemption is claimed. Under subparagraph (B)—which was added to the statute in 2009—certain classes of claimants may pay and file until three-quarters of the way through the tax year. Or Laws 2009, ch 626, § 2 (HB 2700). If the late filing fee does not accompany the claim, it may be "otherwise paid." *See* ORS 307.162(2)(c).

The county asserts ORS 307.162 requires denial of the exemption claim, arguing as follows:

> "Pursuant to Oregon Revised Statute 307.162 there are three criteria required in order to qualify a late application. First is that the applicant must be filing for the current tax year only. Plaintiff's application was for tax year 2017 through 2021. Second qualifier is to either be a new applicant or be a government entity. Plaintiff has had previous exemptions on these accounts. Plaintiff is not a government entity. Third qualification is that they have good and sufficient cause. Since the first and second qualifiers were not met our office originally did not consider good and sufficient cause."

(Answer Am Compl at 1.) Because the county concedes that taxpayer had good and sufficient cause for claiming exemption late, it "would agree that if the first two qualifiers of ORS 307.162

/ / /

for filing late had been met by [taxpayer] we would have allowed the exemption." (*Id*.) The court will proceed to address the county's two arguments.

The county argues that no exemption for the current tax year (2017–18) can be allowed because taxpayer claimed exemption "for tax year 2017 through 2021." ORS 307.162(2)(a) allows exemption claims "for the current tax year." Accepting the county's allegation as true, taxpayer claimed exemption for the current tax year and for future years. Claims for future years are not authorized by ORS 307.162(a).[4] Thus, inclusion of future years in taxpayer's claim was superfluous. However, the county has not indicated any authority allowing it to deny an exemption claim for the current tax year because exemption for future tax years is also claimed. So long as the current year is among the years claimed, the "current year" requirement of ORS 307.162(2)(a) is fulfilled. The county's first argument is not well taken.

The county's second argument proceeds from a misreading of the statute. Under ORS 307.162(2)(a)(B), the later filing deadline is allowed if "the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090." The county's reading of that statute substitutes the word *and* in place of the comma, leading it to assert that a claimant must *both* show good and sufficient cause *and* be either a first-time filer or a public entity. In so doing, the county runs afoul of "the statutory enjoinder 'not to insert what has been omitted, or to omit what has been inserted.' " *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993) (quoting ORS 174.010). Giving the comma its proper place, ORS 307.162(2)(a)(B) allows the later filing deadline to three listed classes of claimants. Those claimants are:

/ / /

----

[4] At the time of an exemption claim, a county cannot tell whether a property will remain exempt in the future; for instance, its lease may be amended, its use may change, or it may be sold.

> (1)    A claimant that "demonstrates good and sufficient cause for failing to file a timely claim";
>
> (2)    A claimant that "is a first-time filer"; and
>
> (3)    A claimant that "is a public entity described in ORS 307.090."

The statute's disjunctive *or* indicates that a claimant satisfying even one of the three conditions is entitled to the later deadline.

The county relies on two cases in support of its interpretation. In *Korean Presbyterian Church of Eugene v. Lane County Assessor*, TC–MD 040127F, WL 2360604 at *2 (Or Tax M Div Oct 8, 2004), the court held that a taxpayer's deadline for claiming exemption could not be extended beyond December 31 even in the face of "difficult circumstances." However, *Korean Presbyterian* concerned a tax year prior to the enactment in 2009 of the provision allowing later filing for taxpayers with good and sufficient cause, codified as ORS 307.162(2)(a)(B). *See* 2009 Or Laws ch 626, § 2 (HB 2700). *Korean Presbyterian* is unhelpful in interpreting a statutory provision that did not exist when it was decided.

The county also relies on *Harvest Christian Church v. Multnomah County Assessor*, TC–MD 130231C, WL 3964290 (Or Tax M Div July 31, 2013). In *Harvest Christian*, the court stated that the taxpayer did not qualify for the extended filing deadline because it did not submit the late filing fee and was not a first-time filer. In a footnote, the court stated that demonstration of good and sufficient cause was an "additional requirement under that extended deadline provision." Considering the disjunctive *or* in the text of ORS 307.162(2)(a)(B), the *Harvest Christian* court might more aptly have described good and sufficient cause as an "alternative" rather than an "additional" requirement. That footnote was unsupported by authority or reasoning, and nothing in the holding of *Harvest Christian* rules out the later filing deadline for claimants showing good and sufficient cause. *Harvest Christian* is inapplicable here.

The parties agree that taxpayer had good and sufficient cause for not timely filing its exemption claim. Therefore, taxpayer's deadline for filing a late exemption claim for the 2017–18 tax year was April 1, 2018. *See* ORS 307.162(2)(a)(B). Taxpayer was within that filing period when it submitted its exemption claim to the county on January 23, 2018. Therefore, taxpayer's claim was "within the time specified in ORS 307.162(2)." ORS 307.112(4)(a)(B).

## III.  CONCLUSION

Taxpayer's 2017–18 exemption claim complied with ORS 307.162(2) and there are no other issues in dispute. Now, therefore,

IT IS THE DECISION OF THIS COURT that the subject property is exempt from taxation for the 2017–18 tax year.

Dated this ___ day of September, 2018.


_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within __60__ days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on September 25, 2018.*